IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 29 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00948-BNB

ANTHONY LOLIN JIMENEZ,

   Plaintiff,

v.

SUSAN JONES (Warden),
SARA MARTS (Property Sgt.),
S. SOLANO (Property Custodian),
DANIEL HICKS (#6614),
HOLDITCH (#2172), and
ANTHONY A. DeCESARO,

   Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Anthony Jimenez, is a Colorado Department of Corrections' prisoner and is incarcerated currently at the Colorado State Penitentiary (CSP) in Canón City, Colorado. He initiated this action on April 8, 2011, by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting violations of his federal Constitutional rights. Mr. Jimenez has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee.

The Court will construe the Complaint liberally because Mr. Jimenez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Jimenez therefore

will be directed to file an amended complaint for the reasons discussed below.

Mr. Jimenez alleges in his Complaint that when he arrived at the CSP, he obtained permission to have his legal CDs for his state criminal case at that facility and that the CDs and his Black's Law Dictionary were inventoried by Defendant Solano, the property custodian. Defendant Solano told him that the CDs would be housed in the prison law library and the dictionary would be placed in his personal property. Plaintiff thereafter made requests for his legal dictionary, which went unanswered for three months. In July 2010, Mr. Jimenez was told by the property department that the dictionary was unauthorized and would have to be mailed out of the facility. Plaintiff requested that the dictionary be mailed home and submitted the paperwork but did not hear anything further. In September 2010, Plaintiff filed grievances about the status of the dictionary and his legal CDs. He was advised by Defendant Hicks in the Step 1 grievance response that an "unauthorized offender property form" was sent to him on April 15, 2010, stating that the dictionary and CDs were unauthorized and that Plaintiff must notify the property department of his intended disposition within 10 days or the property would be destroyed. Compl., Ex. L. The response further stated that because Plaintiff failed to notify the property department about disposition, the property was destroyed on June 10, 2010. *Id.* Plaintiff alleges that he never received the April notice that his CDs or dictionary were unauthorized. Plaintiff states that Defendant Holditch denied his grievance at Step 2 and Defendant DeCesaro denied his Step 3 grievance. Mr. Jimenez seeks compensatory and punitive damages from the Defendants for asserted violations of his Fourteenth Amendment due process and equal protection rights.

Mr. Jimenez fails to allege specific facts to establish that Defendants Jones, Hicks, Holditch, and DeCesaro personally participated in the alleged constitutional deprivations. In order to state a claim in federal court, Mr. Jimenez "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Jimenez is advised that personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Jimenez must therefore show that each named Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).

Mr. Jimenez cannot hold a supervisor such as Defendant Warden Susan Jones liable merely because of her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. **See Dodds v. Richardson,** 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993); **see also Richardson**, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of

such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).

Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 Fed. App'x. 179, 193 (10th Cir. 2009) (unpublished). Accordingly, it is

ORDERED that Plaintiff, Anthony Jimenez, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Jimenez, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Jimenez fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, Defendants Jones, Hicks, Holditch, and DeCesaro will be dismissed from this action for the reasons discussed above without further notice.

DATED April 29, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00948-BNB

Anthony Lolin Jimenez
Prisoner No. 122076
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 29, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk