F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 9 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00948-BNB

ANTHONY LOLIN JIMENEZ,

      Plaintiff,

v.

WARDEN SUSAN JONES,
SGT. SARA MARTZ,
SOLANO, and
3 UNKNOWN DOC AGENTS,

      Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

      Plaintiff, Anthony Jimenez, is a Colorado Department of Corrections' prisoner
and is incarcerated currently at the Colorado State Penitentiary (CSP) in Cañon City,
Colorado.  He initiated this action on April 8, 2011 by filing *pro se* a Prisoner Complaint
pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting violations of his federal
Constitutional rights.  Mr. Jimenez has been granted leave to proceed *in forma
pauperis* pursuant to 28 U.S.C. § 1915.

      On April 29, 2011, Magistrate Judge Boland determined that the Complaint was
deficient because it failed to allege the personal participation of all named Defendants.
Accordingly, Magistrate Judge Boland directed Mr. Jimenez to file an amended
complaint within thirty days.  Plaintiff filed an Amended Complaint on May 26, 2011,
dismissing three of the defendants named in the original Complaint.

      The Court will construe the Amended Complaint liberally because Mr. Jimenez is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Amended Complaint and finds that it is deficient for the reason discussed below.

Mr. Jimenez asserts in his Amended Complaint that Defendant Solano, the property custodian, and Defendant Martz, the CSP property sergeant, violated his Fourteenth Amendment due process rights by destroying his personal legal property without first providing him notice and an opportunity for voluntary disposal. Mr. Jimenez also asserts an equal protection claim.

However, Mr. Jimenez fails to allege specific facts to establish that Defendant Jones, the CSP Warden, personally participated in the alleged constitutional deprivations. Magistrate Judge Boland warned Mr. Jimenez in the April 29 Order that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Jimenez must therefore show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendant Warden Jones cannot be held liable under § 1983 merely because of her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Instead, a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010).

Mr. Jiminez alleges in the Amended Complaint that Defendant Jones is responsible for the asserted constitutional violations because she is the "Head Administrator at CSP" and approved the implementation of administrative regulations which allowed for the destruction of his property. Amended Compl., at 6. However, according to Plaintiff, the regulations were not followed in his case because he was not given the requisite ten days notice before his property was destroyed. Mr. Jiminez does not allege any specific facts to show that Defendant Jones had personal knowledge of the destruction of his personal property or of the fact that Plaintiff did not receive notice that his property had been deemed contraband. As such, Plaintiff has failed to show an affirmative link between the alleged constitutional violation and Defendant Jones' participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Because Plaintiff has not alleged that Defendant Jones personally participated in a deprivation of his constitutional rights, Defendant Jones is an inappropriate party to this action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Plaintiff's claims against Defendants Martz and Solano do not appear to be appropriate for summary dismissal. The case will therefore be drawn to

a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendant Susan Jones is dismissed as a party to this action for Plaintiff's failure to allege her personal participation. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __9th__ day of ____June_____, 2011.

BY THE COURT:


_s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00948-BNB

Anthony L Jimenez
Prisoner No.  122076
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 9, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk