IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00948-PAB-CBS

ANTHONY L. JIMENEZ,
    Plaintiff,
v.

WARDEN SUSAN JONES,
SGT. SARA MARTZ,
SOLANO, and
3 UNKNOWN DOC AGENTS,
    Defendants.

---

ORDER
---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) Plaintiff's "Motion for Reconsideration;" and Plaintiff's "Motion for Appointment of Counsel" (both filed June 17, 2011) (Docs. # 14 and # 15). Pursuant to the Order of Reference dated June 15, 201 (Doc. # 11) and the memorandum dated June 20, 2011 (Doc. # 16), these matters were referred to the Magistrate Judge. The court has reviewed the matters and the entire case file and is sufficiently advised in the premises.

1.   Motion for Appointment of Counsel

Mr. Jimenez was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 on April 11, 2011. (*See* Doc. # 3). Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States*

*District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Jimenez' request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Jimenez is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Jimenez has thus far presented his claims unaided by counsel. Mr. Jimenez' concerns regarding conducting a trial that might involve conflicting testimony are premature at this stage of the litigation. Mr. Jimenez' concerns regarding limited access to legal materials may be addressed as necessary by an appropriate request for an extension of time. The court concludes that the merits of Mr. Jimenez' claims do not at this time provide an adequate basis for the court to request counsel to volunteer to represent him.

2.     Motion for Reconsideration

Mr. Jimenez asks the court to "withdraw" District Judge Babcock's June 9, 2011 order dismissing Defendant Warden Susan Jones and allow him to dismiss Defendant Jones without prejudice. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (Doc. # 8)). Even if this court had the authority to reconsider Judge Babcock's Order, there is no legal basis to do so. Mr. Jimenez' statement that "[i]t is the plaintiff's position that Warden Susan Jones had to authorize or is guilty in part of the violation of Mr. Jimenez' constitutional rights" does not alter the court's analysis that Defendant Jones is properly dismissed for failure to allege personal participation in the alleged constitutional violations. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (it is not enough in the Tenth Circuit "for a plaintiff merely to show defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." (citation omitted).

Accordingly, IT IS ORDERED that:

1.     Plaintiff's "Motion for Appointment of Counsel" (filed June 17, 2011) (Doc. # 15) is DENIED.

2.     Plaintiff's "Motion for Reconsideration" (filed June 17, 2011) (Doc. # 14) is DENIED.

DATED at Denver, Colorado, this 22nd day of June, 2011.

BY THE COURT:

s/Craig B. Shaffer  
United States Magistrate Judge